**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1128
_____

SHELLY L. BRYANT,
                                     Appellant

v.

MARK CHERNA, Director of Allegheny County Human Services;
JOHN DOES, all in their Official and Individual Capacities
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2:10-cv-01272)
District Judge:  Honorable Donetta W. Ambrose
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 14, 2013
Before:  AMBRO, SMITH and CHAGARES, Circuit Judges

(Opinion filed: March 28, 2013)
_____

OPINION
_____

PER CURIAM

    Shelly Bryant, proceeding pro se, appeals from an order of the United States District

Court for the Western District of Pennsylvania granting Appellees' motion to dismiss his

second amended complaint.  There being no substantial question presented on appeal, we will

grant the Government's motion for summary action and affirm the decision of the District Court. See 3d Cir. L.A.R 27.4; I.O.P. 10.6.

I.

Because we write primarily for the parties, we need only recite the facts necessary for our discussion. Bryant initially filed a complaint pursuant to 42 U.S.C. § 1983 alleging violations of the Personal Responsibility and Work Opportunity Reconciliation Act, 21 U.S.C. § 862(a), and equal protection. According to Bryant, the Allegheny County Court of Common Pleas—Family Division and its Domestic Relations Section opened a child support case without establishing paternity, which led to the entry of an order requiring Bryant to pay child support to the mother of his minor children. The District Court granted Appellees' motion to dismiss Bryant's complaint but provided him leave to amend. In an amended complaint, Bryant alleged violations of several criminal statutes and made various state tort claims. The District Court granted Appellees' motion to dismiss and allowed Bryant a final opportunity to amend.

In Bryant's second amended complaint, he again alleged violations of 21 U.S.C. § 862(a) and also alleged that Cherna violated various policies and procedures concerning paternity and child support enforcement. According to Bryant, his due process and equal protection rights were violated through the enforcement of the child support order against him and the use of his tax refunds to cover child support arrears. The District Court granted Appellees' motion to dismiss this final complaint. Bryant timely filed this appeal.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's dismissal order. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). To survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). We may affirm the District Court on any basis supported by the record. Brightwell v. Lehman, 637 F.3d 187, 191 (3d Cir. 2011).

III.

In his first complaint, Bryant brought suit against the Commonwealth of Pennsylvania (Allegheny County Family Division). However, the Eleventh Amendment protects a state or state agency from a § 1983 suit, unless the state has waived its own immunity, see MCI Telecomm. Corp. v. Bell Atl.-Pa., 271 F.3d 491, 503-04 (3d Cir. 2001), and Pennsylvania has expressly withheld its consent to be sued. See Lavia v. Pa. Dep't of Corr., 224 F.3d 190, 195 (3d Cir. 2000); see also 42 Pa. Cons. Stat. § 8521(b). Accordingly, the District Court properly dismissed Bryant's first complaint.

In his amended complaint, Bryant brought suit against the Allegheny County Domestic Relations Section and the Pennsylvania Department of Public Welfare. The District Court believed that Bryant misnamed the Allegheny County Court of Common Pleas—Family Division (hereinafter the "Family Division") as the Domestic Relations Section. The Family Division is an entity of the Unified Judicial System of Pennsylvania and, as such, is an instrumentality of the Commonwealth. See Pa. Const. art. V, § 1; 42 Pa. Cons. Stat. § 102.

Furthermore, the state courts of Pennsylvania, including their domestic relations sections, are entitled to immunity from suit in federal court pursuant to the Eleventh Amendment. Haybarger v. Lawrence Cnty. Adult Prob. & Parole, 551 F.3d 193, 198 (3d Cir. 2008). Accordingly, we agree that both the Family Division and the Domestic Relations Section are immune from suit.

We also agree that the Pennsylvania Department of Public Welfare was entitled to Eleventh Amendment immunity. The Department is one of the many administrative agencies that perform the "'executive and administrative work of [the Commonwealth of Pennsylvania.'" Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 254-55 (3d Cir. 2010) (quoting 71 Pa. Stat. § 61). Furthermore, the only allegation Bryant made against the Department of Welfare is that it violated 21 U.S.C. § 862(a), which provides sentencing courts with the discretion to make drug traffickers ineligible for federal benefits "for up to 5 years after such conviction." That statute provides no private right of action for use by a litigant such as Bryant. See Gonzaga Univ. v. Doe, 536 U.S. 273, 283-84 (2002).

Bryant's second amended complaint named Marc Cherna, Director of Allegheny County Department of Human Services, and John Does as defendants. The complaint again alleged a violation of 21 U.S.C. 862(a), violations of his due process and equal protection rights, and violations of the Social Security Act and the Full Faith and Credit for Child Support Orders Act ("FFCCSOA"), 28 U.S.C. § 1738B. However, in Pennsylvania, each county's Domestic Relations Section has jurisdiction over child support matters; therefore, Cherna and the Department of Human Services would have had no involvement in Bryant's child support case, and Bryant has not sufficiently alleged any extraordinary involvement in his case by

4

Cherna or his department.[1]  See Rogers v. Bucks Cnty. Domestic Relations Section, 959 F.2d 1268, 1271 n.4 (3d Cir. 1991) (citing Pa. R. Civ. P. 1910.1-1910.4; 42 Pa. Cons. Stat. §§ 951-52) ("The Courts of Common Pleas and their Domestic Relations Sections have jurisdiction over child support matters.").

The District Court did not err in declining to allow Bryant a further opportunity to amend his complaint, see Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002), as it had already provided Bryant two previous opportunities to amend.  If Bryant had further amended to include the director and employees of the Allegheny County Domestic Relations Section, they would be entitled to Eleventh Amendment immunity in their official capacities because, as discussed above, the county domestic relations sections are part of Pennsylvania's unified judicial system.  See Melo v. Hafer, 912 F.2d 628, 635 (3d Cir. 1990); see also 42 Pa. Cons. Stat. § 961.  Any claims against these employees in their individual capacities for their roles in initiating and prosecuting child support proceedings would be barred by the doctrine of quasi-judicial immunity.  See Ernst v. Child & Youth Servs., 108 F.3d 486, 495 (3d Cir. 1997).

IV.

There being no substantial question presented on appeal, we grant the Government's motion and will summarily affirm the District Court's order.  3d Cir. L.A.R 27.4; I.O.P. 10.6.

---

[1] It appears that Bryant named Cherna as a defendant to again assert a violation of 21 U.S.C. 862(a) for allowing his children's mother to receive public assistance despite her drug convictions.  As noted above, this statute does not provide him with a private right of action against Cherna.  See Gonzaga Univ., 536 U.S. at 283-84.  Furthermore, with regard to Bryant's claim that his equal protection rights were violated because paternity was not established, he has failed to support his allegation with evidence that he was intentionally subjected to treatment different than that received by other similarly situated individuals.  See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 243 (3d Cir. 2008).